WENTWORTH, Judge.
Alachua County appeals two final orders entered by the Department of Highway Safety and Motor Vehicles and the Florida Comptroller. Each order adopted the recommended order of the hearing officer, after a consolidated hearing. The appealed orders denied the County’s petitions seeking disbursement of funds collected by it during its administration of the state motor vehicle inspection program. Section 325.11, et seq. (1979), repealed by Chapter 81-212, Laws of Florida. We affirm.
Until the abolition of the motor vehicle inspection program, Alachua County operated an inspection station under that law. As each vehicle was inspected, the County collected a $3.00 fee which it kept. If the owner of a vehicle failed to obtain inspection within the time allowed, a $1 delinquent fee was collected pursuant to § 325.-24(1), which provided in part that:
The delinquent fee shall be forwarded to the department and shall be credited against the 40-cent remittance required by this section [for the purpose of purchasing the inspection certificates].
Section 325.24(2) provided:
(2) All funds received by the department shall be deposited in the General Revenue Fund of the State through the Treasurer.
In carrying out these provisions, the department kept an account of the delinquent fees sent by the County, and forwarded the funds to the Comptroller who deposited them into the general revenue fund. When the County ordered inspection certificates, the cost of the certificates was off-set by debiting its delinquent fee account. If the County had not collected sufficient delinquent fees to off-set the cost of all certificates that it needed to purchase, the remaining certificates would be purchased with cash. At the end of a calendar year, inspection certificates that had been purchased by the County would become obsolete and unusable. If the County returned those unused certificates to the Department, the record indicates that the Department would issue a cash refund to the County for certificates that had been purchased with cash, and credit the County’s delinquent fee account for certificates that had been purchased by debiting the account. When the inspection program was abolished in 1981, the Department continued to handle returns of unused inspection certificates in the same manner that it previously had; i.e., if a county returned unused certificates that had been purchased with cash, a cash refund would be issued, if a County returned certificates that had *437 been purchased through the delinquent fee account, the account would be credited.[1]
After Alachua County returned its unused certificates upon the termination of the program, and received credit for those certificates which had been purchased by debiting the delinquent fee account, a substantial sum remained as a credit in its delinquent fee account. The County then initiated these proceedings on the hypothesis that the credit balance remaining in its delinquent fee account was an asset of the County to which it was entitled. The hearing officer’s recommended order concluded that the County had no legal entitlement to the fees, and the County has appealed the orders adopting that ruling. Because we find nothing in the statutes supporting appellant’s position, we affirm.
It is clear that § 324.24 was not drafted in anticipation of the abrupt end of the motor vehicle inspection program. We find, however, that under the terms of the statute the delinquent fee was a state levy, available to the counties only for the purpose specified in the statute, i.e., purchase of inspection certificates. Neither the terms of the repealed act nor the general provisions for the repayment of funds paid into the state treasury[2] support appellant’s asserted entitlement.
The final orders denying appellant’s petitions are accordingly affirmed.
LARRY G. SMITH and JOANOS, JJ., concur.

. It was the County’s position below that it had received some cash refunds for stickers purchased by debiting the delinquent fee account. However, the hearing officer rejected this contention and that finding is supported by the record on appeal.

. § 215.26, Fla.Stat. (1981).